141 So. 266

## DAILEY v. WHITLEY et ux.

6 Div. 113.

Court of Appeals of Alabama.
April 12, 1932.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellees.

BRICKEN, P. J.

The personal property involved in this action of detinue was admittedly the separate property of appellee Eller Whitley, who is the wife of appellee S. E. Whitley, and under the law in this state could not be subjected to the debts or liabilities of her husband. In this connection the trial court charged: "If this is Mrs. Whitley's property, and it is conceded to be, and that debt was the debt of her husband, then the plaintiff can't recover, as it is the law in this State that the wife cannot become the surety for her husband, either directly or indirectly."

This case rests, therefore, upon a question of fact only, the question being, Was the alleged indebtedness due to plaintiff the obligation or liability of the husband, appellee S. E. Whitley? After hearing and consid-

ering the whole evidence, the court below reached the decision that it conclusively appeared from the evidence, as a matter of law, that the liability was that of the husband, and not of the wife, and as a result directed a verdict in favor of appellee Mrs. Eller Whitley, by giving to the jury the following written charge: "The court charges the jury that if you believe the evidence in this case you cannot find the issues in favor of the plaintiff as against the defendant, Mrs. Eller Whitley."

A consideration of the entire evidence in this case convinces us that the lower court was correct in giving said charge, it being quite evident that the mortgage of plaintiff represented the original liability of the husband, and that no part of said debt was that of defendant Mrs. Eller Whitley. The effort of plaintiff to change the indebtedness of the husband and make it a debt of the wife was but an effort to do in an indirect way what the law forbids to be directly done. This view is conclusive of this appeal and renders unnecessary a discussion of the remaining points of decision insisted upon by appellant.

The judgment of the lower court will stand affirmed.

Affirmed.